UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-91-B-W-01 |
| | ) | |
| ROBERT ALFANO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION
FOR LEAVE TO FILE NOTICE OF APPEAL LATE**

In accordance with *Scarpa v. Murphy*,[1] the Court finds good cause and grants the Defendant's Appellate Rule 4(b)(4) motion for extension of time within which to file a notice of appeal.

**I. STATEMENT OF FACTS**

On March 27, 2007, the Court sentenced Robert Alfano to 24 months of imprisonment to be served consecutively with his state sentence. Mr. Alfano wishes to appeal his sentence, but the deadline for filing a notice of appeal has lapsed. Pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, he now moves for leave to file his notice of appeal late. *Def.'s Mot. for Leave to File Notice of Appeal Late* (Docket # 105) (*Def.'s Mot.*).

According to his memorandum, the relevant timeline is: after Mr. Alfano's sentencing on March 27, 2007, Mr. Alfano's trial attorney sent a letter to Mr. Alfano and attached a blank notice of appeal. *Def.'s Mot.* at 1. Mr. Alfano received the letter and notice of appeal on April 13, 2007. *Id.* at 2. That same day, he filled out the notice of appeal but, because April 13, 2007 was a Friday, the next mailing date from the Maine State Prison was

---

[1] 782 F.2d 300 (1st Cir. 1986).

Monday April 16, 2007.  *Id*.  Mr. Alfano mailed the notice of appeal back to his trial attorney on April 16, 2007 and his trial attorney received it, and filed it promptly with the Court, on April 18, 2007.

## II.  DISCUSSION

Federal Rule of Appellate Procedure 4 reads:

> Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

FED. R. APP. P. 4(b)(4).  The Advisory Committee notes to the rule read:

> The good cause and excusable neglect standards have different domains.  They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.    Thus, the good cause standard can apply to motions brought during the 30 days following the expiration of the original deadline.  If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension.  It may be unfair to make such a movant prove that its "neglect" was excusable, given that the movant may not have been neglectful at all.  Similarly, the excusable neglect standard can apply to motions brought prior to the expiration of the original deadline.  For example, a movant may bring a pre-expiration motion for an extension of time when an error committed by the movant makes it unlikely that the movant will be able to meet the original deadline.

Advisory committee notes (citation and punctuation omitted).

In *Scarpa*, the First Circuit addressed an example similar to the one the Advisory Committee provided.  The First Circuit reversed a district court's denial of a motion to file a

late notice of appeal when the delay resulted from the Postal Service's delayed delivery of mail:

> There was no mistake by counsel, excusable or otherwise. Rather, there was inexcusable neglect by the Post Office to take more than five days (even though this included a weekend) to transmit an adequately addressed letter three miles, and no basis for charging counsel for failing to think that more might be needed.

*Id*.

Here, as in *Scarpa*, Mr. Alfano's day delay stems not from his own fault, but from inexplicable delay caused by either the Postal Service or the Maine State Prison. Moreover, the notice of appeal was due on April 6, 2007, but was filed April 18, 2007; thus, Mr. Alfano's requested extension falls within the Rule's 30 day additional period. The Court, therefore, finds good cause and grants Mr. Alfano's motion for leave to file notice of appeal late.

## III. CONCLUSION

The Court GRANTS Defendant's Motion for Leave to File Notice of Appeal Late (Docket # 105).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2007